# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Elena Partap

## DEFENDANTS
PALMER'S GARDEN AND GOODS, JEFF PALMER, ANDREW COMMINS

**(b)** County of Residence of First Listed Plaintiff: **Orange County, Florida**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Orange County, Florida**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** / 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983: FIRST, FOURTH, NINTH AMENDMENT, FLORIDA CONSTITUION: ARTICLE I

Brief description of cause:
Discrimination in a place of public accommodation

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 250,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

# DISTRICT OF FLORIDA - ORLANDO

**ELENA PARTAP**

createyourworld@startmail.com                    Case #6:21-CV-1023-WWB-EJK

Plaintiff,                                                          Judge:

FIRST AMENDED
CIVIL RIGHTS COMPLAINT:

42 U.S.C. § 1983: FIRST, FOURTH, NINTH AMENDMENT,

FLORIDA CONSTITUION: ARTICLE I

vs.

PALMER'S GARDEN AND GOODS

JEFF PALMER [CEO PALMER'S GARDEN AND GOODS],

[ANDREW COMMINS] [Manager]

Defendants.

_____/

Case #6:21-CV-1023-WWB-EJK

## **COMPLAINT**

Elena Partap sues Jeff Palmer [CEO Palmer's Garden and Goods], Andrew Commins [manager] and Palmer's Garden and Goods for compensatory and money damages resulting from deprivation of rights, and injunction to be able to shop at Palmer's Garden and Goods without wearing a mask, being harassed and discriminated against.

## **JURISDICTIONAL ALLEGATIONS**

1. This is an action for money damages in excess of $15,000. [Explained below.]

2. At all times material to this lawsuit, Jeff Palmer was the CEO for Palmer's Garden and Goods and ultimately responsible for the policies and procedures enforced at the Palmer's Garden and Goods location in Orlando, FL.

3. At all times material to this lawsuit, Andrew Commins was the Manager at the Palmer's Garden and Goods location in Orlando, FL.

4. All acts necessary or precedent to the bringing of this lawsuit occurred or accrued in Orlando, Florida.

5. Federal courts are authorized to hear cases brought under section 1983 pursuant to two statutory provisions: 28 U.S.C.A. § 1343(3) (1948) and 28 U.S.C.A. § 1331 (1948).

6. This Court has jurisdiction.

7. The defendant has to have a written policy which is consistent with the FLORIDA Civil Rights Act of 1992 as codified into Chapter 760 of the FLORIDA Statutes which prohibits the defendant, a retail business open to the public and not a private membership association or club, from the following:

F.S. §760.01
The general purposes of the FLORIDA Civil Rights Act of 1992 are to secure for all

individuals within the state freedom from discrimination because of race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status and thereby to protect their interest in personal dignity, to make available to the state their full productive capacities, to secure the state against domestic strife and unrest, to preserve the public safety, health, and general welfare, and to promote the interests, rights, and privileges of individuals within the state.

(3) The FLORIDA Civil Rights Act of 1992 shall be construed according to the fair import of its terms and shall be liberally construed to further the general purposes stated in this section and the special purposes of the particular provision involved.

And further,

§760.08 Discrimination in places of public accommodation. —All persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation **without discrimination or segregation on the ground of race, color, national origin, sex, pregnancy, handicap, familial status, or religion.**

## GENERAL FACTUAL ALLEGATIONS

1. Plaintiff walked into Palmer's Garden and Goods on February 27th, 2021.
2. Plaintiff was stopped in the outdoor area by a staff member and told that she needed to wear a mask.
3. Plaintiff told them that she is exempt from wearing a mask for medical and religious reasons.
4. The staff member said that it was their store policy that Plaintiff needed to wear a mask in order to be in the store and check out at the register.
5. The staff member went to bring the manager to come talk to Plaintiff.
6. Plaintiff waited for Andrew Commins (Manager) to come over.
7. Mr. Commins asked the Plaintiff needs him to bring her a mask.
8. Plaintiff informed Mr. Commins that she is exempt from wearing a mask and wearing a mask compromises her mental and physical health.
9. Mr. Commins said that Palmer's Garden and Goods doesn't accept any exceptions and that Plaintiff not wearing a mask makes him and all store customers feel uncomfortable and that it is a private business and they have the right to ask people to wear a mask even though it went against federal law.
10. Plaintiff made it extremely clear that it is a discrimination and goes against Civil Rights Act of 1964 and Federal and state Constitutions.
11. Mr. Commins repeated multiple times that the Plaintiff is putting 99% of the customers at risk without presenting any evidence of the Plaintiff being a direct threat.
12. Andrew Commins wouldn't allow Plaintiff to shop without a mask.
13. Plaintiff told Mr. Commins that Palmer's Garden and Goods is a place of public accommodation and that she wanted equal and fair access to go shopping for herself.

14. Plaintiff told Mr. Commins on the record that he is knowingly committing a federal crime by violating federal laws and refusing to provide the service.
15. On March 6th 2021 Plaintiff sent out a 'Presumptive Letter' [See Exhibit A] to Palmer's Garden and Goods addressed to Jeff Palmer via certified mail [See Exhibit B].
16. In the 'Presumptive Letter', Plaintiff explained the federal laws that Palmer's Garden and Goods policies are violating.
17. The 'Presumptive Letter' has two presumptive paragraphs that contain lawful notice and warning that the claims and charges Plaintiff made in the letter must be rebutted within 14 days of receipt and that failure to rebut, is admission to all of the claims and charges.
18. Plaintiff never received a response to the 'Presumptive Letter'.
19. On March 30th, 2021 Plaintiff sent out an 'Affidavit of Truth' [See Exhibit C] to Palmer's Garden and Goods addressed to Jeff Palmer via certified mail [See Exhibit B].
20. Plaintiff never received a response to Affidavit of Truth.
21. On May 4th, 2021 Plaintiff sent out a 'Notice of Default' [See Exhibit D] to Palmer's Garden and Goods addressed to Jeff Palmer via certified mail via certified mail [See Exhibit B].
22. Jeff Palmer did not respond to the 'Notice of Default'.
23. Palmer's Garden and Goods has no legal authority to tell Plaintiff what to do with her body.
24. Plaintiff's body is her biological property.
25. Palmer's Garden and Goods policy requires everyone entering the store to wear a mask.
26. Palmer's Garden and Goods policy denies service to anyone who refuses to wear a mask.
27. Palmer's Garden and Goods is a retail marketplace that is open to the public.
28. Palmer's Garden and Goods is a 'public accommodation' as defined by Federal law 42 U.S.C. §2000a(a) and 42 U.S.C. §2000a(b)

29. Plaintiff's religion prevents her from wearing a mask.
30. Plaintiff has a religious belief that the masks are part of a satanic ritual that she refuses to be a part of.
31. Plaintiff has a religious belief that she cannot slowly commit suicide by lowering her immune system and depriving herself of oxygen.
32. Plaintiff's body is her temple and no one can tell her what to do with it or what to put on it.
33. Plaintiff's body is her private property.
34. Plaintiff is not a 'public threat'.
35. Plaintiff is a healthy woman and poses no health risks to anyone.
36. Plaintiff has never been proven to be a 'direct threat' as defined in 42 U.S. Code § 12111(3).
37. Plaintiff has no guarantee that wearing a mask and suppressing the breathing won't activate anxiety or panic attacks from preexisting fears and mental traumas.
38. Plaintiff filmed the whole entire interaction on her phone.
39. An unrebutted affidavit stands as fact and truth. [See Exhibit E]
40. An unrebutted affidavit stands as the truth in Commerce. [See Exhibit E]
41. An unrebutted affidavit becomes the judgment in Commerce. [See Exhibit E]

## COUNT ONE : TITLE 42 - U.S.C. SECTION 1983 - CIVIL RIGHTS ACTION FOR DEPRIVATION OF RIGHTS.

42. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.
43. Mask wearing has never been mandated by the State of Florida.
44. Palmer's Garden and Goods policy is in accordance with Orange County, Florida executive order of mask mandates and regulations.
45. Plaintiff's right to freedom of religion is protected by the first amendment of the Constitution of the United States of America.
46. Plaintiff's right to freedom of speech is protected by the first amendment of the Constitution of the United States of America.

   WHEREFORE Plaintiff demands judgment for compensatory damages against Jeff Palmer, Andrew Commings and Palmer's Garden and Goods, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT TWO: TITLE 18 U.S.C. SECTION 242 - DEPRIVATION OF RIGHTS UNDER COLOR OF LAW.

47. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

WHEREFORE Plaintiff demands judgment for compensatory damages against Jeff Palmer, Andrew Commings and Palmer's Garden and Goods, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT THREE: 42 U.S.C. § 2000A - PROHIBITION AGAINST DISCRIMINATION OR SEGREGATION IN PLACES OF PUBLIC ACCOMMODATION

48. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

49. Palmer's Garden and Goods is a "public accommodation" as defined in Title II of the Civil Rights Act, 42 U.S.C. §2000a(b).

50. Palmer's Garden and Goods is a "public accommodation" as defined in Title III of the Civil Rights Act, Reg 28 CFR §36.104

51. Palmer's Garden and Goods is prohibited from "denial of participation" as stated in Federal law 28 CFR §36.202.

52. Plaintiff was denied "participation" and "equal service" at Palmer's Garden and Goods according to Civil Rights Act Title III, Sections §36.202(a)(b)(c) and §36.203(a)(b)(c)

WHEREFORE Plaintiff demands judgment for compensatory damages against Jeff Palmer, Andrew Commings and Palmer's Garden and Goods, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### COUNT FOUR: FLORIDA CHAPTER 458 SECTION 327: THE PRACTICE OF MEDICINE OR AN ATTEMPT TO PRACTICE MEDICINE WITHOUT A LICENSE TO PRACTICE IN FLORIDA.

53. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

54. The FDA regulates face masks, including cloth face coverings, and surgical masks as medical devices when they are marketed for medical purposes.

55. Medical purposes include uses related to COVID-19, such as face masks to help stop the spread of disease, surgical masks, and surgical masks with antimicrobial/antiviral agents.

WHEREFORE Plaintiff demands judgment for compensatory damages against Jeff Palmer, Andrew Commings and Palmer's Garden and Goods, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

### COUNT FIVE: CIVIL RIGHTS ACT OF 1964 - TITLE II—INJUNCTIVE RELIEF AGAINST DISCRIMINATION IN PLACES OF PUBLIC ACCOMMODATION

56. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

WHEREFORE Plaintiff demands judgment for compensatory damages against Jeff Palmer, Andrew Commings and Palmer's Garden and Goods, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

Case #6:21-CV-1023-WWB-EJK

### COUNT SIX: HARRASMENT

57. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.

58. Plaintiff entered Palmer's Garden and Goods on February 27th, 2021 to peacefully shop and was stopped and told to wear a mask.

1. Plaintiff wasn't allowed in to shop without putting on a mask.
2. Plaintiff's shopping experience was completely interfered with and she was not able to shop for needed supplies.
3. Andrew Commins was raising his voice and was extremely rude towards Plaintiff.

WHEREFORE Plaintiff demands judgment for compensatory damages against Jeff Palmer, Andrew Commings and Palmer's Garden and Goods, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## COUNT SEVEN: FALSE IMPRISONMENT

4. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations.
5. Andrew Commins denied Plaintiff entry into Palmer's Garden and Goods which is a public accommodation.
6. Andrew Commins restricted Plaintiff's freedom of movement into Palmer's Garden and Goods.

WHEREFORE Plaintiff demands judgment for compensatory damages against Jeff Palmer, Andrew Commings and Palmer's Garden and Goods, together with such other and further relief as the Court may deem reasonable and just under the circumstances.

_____
ELENA PARTAP

10510 MANASSAS CIR,

ORLANDO, FL, 32821

CREATEYOURWORLD@STARTMAIL.COM

[407-963-4482]

## STATE OF FLORIDA, ORANGE COUNTY

BEFORE ME personally appeared Elena Partap who, being by me first duly sworn, executed the foregoing in my presence and stated to me that the facts alleged therein are true and correct according to her own personal knowledge.

_____  Date: 9/3/2021
Notary Public

My commission expires:

Jan 28, 2025

NICHOLAS AARON SWASEY
Notary Public - State of Florida
Commission # HH 086412
My Comm. Expires Jan 28, 2025

Scanned with CamScanner